UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EFRAIN BENITEZ,

     Petitioner,

v.                                                          CASE NO. 8:15-cv-2718-T-27EAJ
                                                     CRIM. CASE NO. 8:02-cr-205-T-27EAJ

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER

This matter is before the Court for consideration of Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence filed *pro se* pursuant to 28 U.S.C. § 2255 (cv Dkt. 1). A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the United States. 28 U.S.C. § 2255(b). Upon consideration of the § 2255 motion and the record, the Court concludes that the § 2255 motion must be dismissed because it is an unauthorized successive motion.

## BACKGROUND

Petitioner was charged by Superseding Indictment with: conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count One); distribution and possession with intent to distribute 50 grams or more of methamphetamine (Count Two); and being an alien of the United States who had been convicted of at least one aggravated felony offense and was thereafter deported, who was found

to be in the United States, not having received the consent of the Attorney General of the United States to reapply for admission (Count Three) (cr Dkt. 30). Petitioner pleaded guilty to Count Three (cr Dkts. 62, 63). After a jury trial, he was found guilty of Counts One and Two (cr Dkt. 70). He was sentenced to life imprisonment as to Counts One and Two (concurrent) and 240 months imprisonment as to Count Three (concurrent with Counts One and Two) (cr Dkts. 76, 77, 84).

Petitioner appealed (cr Dkt. 83), and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences on December 23, 2003 (cr Dkt. 103). Petitioner's request for collateral relief pursuant to 28 U.S.C. § 2255 was dismissed as untimely on April 28, 2009 (cr Dkt. 123). Petitioner did not appeal.[1]

## DISCUSSION

Petitioner now returns to this Court seeking to vacate his sentence based upon *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates due process because the clause is unconstitutionally vague. Since Petitioner has previously sought relief under § 2255 that was dismissed as time-barred, the instant motion to vacate is a second or successive § 2255 motion.[2] "[A] second or successive [§ 2255] motion must be certified as

---

[1] On July 29, 2010, Petitioner filed a "Demand for Dismissal of Purported Grand Jury Indictment for Fraud Pursuant to Rule 60(b)" (cr Dkt. 125) which the Court construed as a second § 2255 motion, and dismissed for lack of jurisdiction (cr Dkt. 129). The Eleventh Circuit denied Petitioner's motion for a certificate of appealability on February 9, 2011 (cr Dkt. 133). Petitioner filed another § 2255 motion on January 13, 2014, which was dismissed as an unauthorized successive § 2255 motion on February 7, 2014 (see *Benitez v. United States*, Case No. 8:14-cv-77-T-27EAJ (M.D.Fla.)).

[2] The dismissal of Petitioner's first § 2255 motion as time-barred constitutes an adjudication on the merits for the purposes of invoking the second or successive requirements of 28 U.S.C. § 2244(b)(3). *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1353 (11th Cir. 2007) (petitioner required to obtain approval from circuit court of appeal prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely); *Villenueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003), *cert. denied*, 542 U.S. 928 (2004) (holding that "a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive

provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. §2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not demonstrated that he has obtained permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir. 2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.") (citations omitted). The § 2255 motion will therefore be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.[3]

ACCORDINGLY, it is **ORDERED** that:

1. The motion to vacate, set aside, or correct an illegal sentence (cv Dkt. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.

---

purposes.").

[3]Petitioner appears to assert that this Court may, in the alternative, treat his § 2255 motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 224. However, if the Court was to construe the § 2255 motion as a § 2241 petition, it would still lack jurisdiction. "Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir.1991). Petitioner is incarcerated at Williamsburg FCI, which is located in the South Carolina District Court. Therefore, this Court would not have jurisdiction to consider a § 2241 petition.

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c) (2).  To make such a showing, a petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Because the instant motion is clearly an unauthorized successive § 2255 motion, and because Petitioner has failed to show the denial of a constitutional right, Petitioner cannot make the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND  ORDERED** in Tampa, Florida, on *November 24*             , 2015.

**JAMES D. WHITTEMORE**
**United States District Judge**

SA:sfc
Copy furnished to:
Petitioner *pro se*
Counsel of Record

4